### PITKIN ET AL. V. OLMSTEAD ET AL.

The bed of a navigable river as well as the waters of the river, are common to all the citizens of the state — and where any person clears a fish-place in the bed of the river and continues to occupy it, he acquires an exclusive right to fish in that place, so long as he keeps up his occupation, in the proper seasons for fishing.

ACTION of trespass for interrupting the plaintiffs in their fishery in Connecticut river.    Plea not guilty.    The jury find the following facts in a special verdict, viz.

That Connecticut river is a public navigable river, and abounds with fish, salmon and shad in the season of them. That in A. D. 1774 Stephen Roberts, Josiah Hurlbut, Timothy Forbs and William Roberts, the said Josiah and Timothy being two of the plaintiffs, with much expense and labor cleared a fish-place, opposite to the lands of Nehemiah, Moses, and Samuel Olmstead, adjoining to Connecticut river, and lying upon the north line of the land of said Elisha Pitkin, one of the plaintiffs, and extending north up said river forty-four rods. That said Olmsteads gave a lease to Gideon Spencer, John Kentfield, John Spencer, Timothy Forbs aforesaid, Joseph Forbs, Josiah Hurlbut aforesaid, Elijah Forbs, Aaron Burnham, Stephen Roberts, Benjamin Olmstead, Rhoderick Burnham, Samuel Hurlburt and James Pitkin; of said fish-place, who had formed themselves into a fish company; said Gideon Spencer, John Spencer, Timothy Forbs, Elijah Forbs, Josiah Hurlburt, Samuel Hurlburt and Aaron Burnham are the plaintiffs; with liberty to clear and draw seines on their land adjoining to said river, for the consideration of one-twentieth part of the fish, they should take: Which lease was sundry times renewed and continued down to the year 1788; that from A. D. 1774 to A. D. 1788 inclusive the said Hurlburts, etc. have cleared and occupied said fishing-place for taking of fish in the proper seasons; that in A. D. 1787 the aforesaid Spencers, Forbs, Hurlburts, Roberts and Burnham, with John Jones, Elisha Williams and James Pitkin, were owners of the seine, boat and fishing apparatus employed at said place, and of all the right of fishing in said fish-place, which had ever been gained by said Stephen Burnham, etc. who first cleared the bed of the river opposite the lands of said Olmsteads — and were forbidden by said Olmsteads to fish any more at said place, opposite to their lands; that they agreed and sold their seine, boat and all their fishing apparatus to the said Spencers, Forbs, Hurlburts, Elias Roberts and

Pitkin et al. v. Olmstead et al.

Aaron Burnham; who applied to said Elisha Pitkin, Esq. for liberty to draw their seine upon his land adjoining to said river, south of said Olmsteads' land; which he granted, and also became one of their company; and the plaintiffs in the fall of the year A. D. 1787 cleared the bed of the river opposite said Elisha's land and also of said Olmsteads and in the spring of the year A. D. 1788, the plaintiffs constantly fished in the river opposite said Elisha's land, and also opposite the land of said Olmsteads and drew out their seine on said Elisha's land; and in the fall of the year A. D. 1788 the defendants with design to prevent the plaintiffs from fishing in the bed of said river, opposite the lands of said Olmsteads, did set a hedge about two rods north of the north end of said Elisha's land upon the land of said Olmsteads, and did extend said hedge and logs westward into the bed of said river six rods, below the common low-water mark, and ever since have continued said hedge and logs; that the same is an obstruction to taking of fish; and that the plaintiffs were thereby obstructed and prevented catching fish at said place in the year 1789, and the jury refer the question of law upon the facts aforesaid to the court, viz.   Whether the defendants are guilty or not.

Judgment of the court — The law is so upon the facts aforesaid that the defendants are guilty.

By the Court.   The river being a public navigable river, it is free for all the citizens, to navigate their vessels in and to draw seines for the purpose of taking fish — that the bed of the river is the private property of no one, but remains as public as the waters that flow in it — whoever therefore by labor and expense, clears a fish-place in its bed, acquires a right to occupy and enjoy it, in preference to any other; and by a long-continued possession and occupation, in the proper seasons, the right is strengthened and confirmed; and the defendants had no right to disturb or interrupt the plaintiffs in the exercise of their right in their own proper fishing-place, so long as they did not go upon their land.